UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERCY PRODUCTIONS LIMITED,<br><br>    Plaintiff,<br>v.<br><br>JONATHAN BROSS,<br><br>    Defendant. | Case No. 23-cv-16962<br><br>Judge Martha M. Pacold<br>Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF PERCY PRODUCTIONS
LIMITED'S MOTION TO ENTER JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 58(b)(2), Plaintiff Percy Productions Limited ("Percy Productions"), by and through counsel, respectfully moves this Court to enter judgment in the above-captioned matter. In support of this Motion, Percy Productions states as follows:

**RELEVANT FACTS**

Percy Productions, a film production company, initiated this case on December 20, 2023. *See* ECF No. 1. It pertains to Percy Productions's monetary losses from financing and producing the film *Keyhole Garden* (the "Film"). *See id.*

The Parties ultimately entered a Settlement Agreement effective October 2, 2024 (the "Agreement"). *See* ECF No. 45-3; *see also* Decl. of Duncan Murray Reid, attached as **Exhibit A**, ¶¶ 5-6 ("Reid Decl."). Pursuant to the Agreement, Bross agreed to make two payments to Percy Productions. *See* ECF No. 45-3 at 3-4; *see also* Reid Decl., ¶ 8. For the first payment, Bross agreed to pay Percy Productions $900,000.00 less any revenue Percy Productions had received earned from the Film's exploitation through the first payment date. *See* ECF No. 45-3 at 3; *see also* Reid Decl., ¶ 9. The first payment was due four weeks after both Parties received fully executed copies of the Agreement, or November 1, 2024. *See* ECF No. 45-3 at 3; *see also*

Reid Decl., ¶ 10.  For the second payment, Bross agreed to pay Percy Productions $100,000.00 less any additional revenue Percy Productions had earned from the Film's exploitation since the first payment date.  *See* ECF No. 45-3 at 3-4; *see also* Reid Decl., ¶ 11.  In return, Percy Productions agreed to transfer its rights to the Film to Ashland Hill Media Sales L.P.  *See* ECF No. 45-3 at 4; *see also* Reid Decl., ¶ 13.  The transfer was to occur five days after Percy Productions received the second payment.  *See* ECF No. 45-3 at 4; *see also* Reid Decl., ¶ 13.  As of November 30, 2024, the date of the most recent collections statement regarding the Film, Percy Productions has earned $57,402.00 in revenue from the Film.  *See* Collection Statement, attached to Reid Decl. as **Exhibit 1**, at 3.

To date, Bross has failed to make any payment required by the Agreement.  *See* Reid Decl., ¶ 17.

Percy Productions filed its Motion to Enforce Settlement Agreement ("Motion to Enforce") on November 27, 2024.  *See* ECF No. 45-1.  Bross did not file a response.  *See* ECF No. 47. This Court granted the Motion to Enforce.  *See* ECF No. 50.

## ARGUMENT

Federal Rule of Civil Procedure ("Rule") 54 states that, other than a default judgment, a "final judgment should grant the relief to which each party is entitled…."  Fed. R. Civ. P. 54(c). Rule 58 provides two avenues for entering judgment: one for entering judgment without court direction and one for entering judgment with court approval.  *See* Fed. R. Civ. P. 58(b). Judgment can be entered without court direction in only three scenarios: (1) a jury returned a general verdict; (2) the court awards only costs or a sum certain; or (3) the court denies all relief. *See* Fed. R. Civ. P. 58(b)(1)(A)-(C).  If a court "grants other relief not described in" Rule 58(b), then the court must approve the form of judgment.  Fed. R. Civ. P. 58(b)(2)(B).

2

This Court granted Percy Productions's Motion to Enforce. *See* ECF No. 50. As such, this Court found the Agreement was valid and enforceable and that Percy Productions is entitled to the consideration outlined in the Agreement, which includes the following:

a. A lump sum payment of $942,598.00[1]; and

b. A declaration that Percy Production is entitled to attorneys' fees and costs.

In addition, pursuant to the Agreement, Percy Productions will transfer the rights to the Film within five days of the payment described in (a) above.

Because the Agreement calls for relief not described in Rule 58(b), and pursuant to this Court's Order granting enforcement of the Agreement, this Court may enter judgment on behalf of Percy Productions.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Percy Productions respectfully requests:

1. That this Court enter a Judgment in Percy Productions's favor and against Bross in the amount of $942,598.00 plus interest, due within seven days of entry of Judgment;

2. That the Judgment order Percy Productions to transfer of the Film rights within five days of the payment being made;

3. That the Judgment order Bross to pay Percy Productions's attorneys' fees and costs for the enforcement of the Agreement, to be calculated and submitted to this Court by motion within 14 days of the entry of Judgment. *See* Fed. R. Civ. P. 54(d)(2)(A)-(B);

4. That this Court expressly retain qualified ancillary jurisdiction to implement the Judgment in its entirety; and

5. That this Court provide all other relief which this Court deems just and proper.

---

[1] This amount equals the full amount owed pursuant to the Agreement, less the $57,402.00 in revenue from the Film's exploitation.

Dated: January 28, 2025 	Respectfully submitted,

HUSCH BLACKWELL LLP

By: 	*/s/ Sarah K. Quinn*
Sarah K. Quinn
Sarah.Quinn@huschblackwell.com
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
312.655.1500

***Attorney for Plaintiff Percy Productions Limited***

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 28, 2025, the foregoing **Plaintiff Percy Productions Limited's Motion to Enter Judgment** was filed with the United States District Court via the Court's CM/ECF system. Parties will receive notice by operation of the CM/ECF system and can access a copy of the Motion through the CM/ECF system.

    /s/ Sarah K. Quinn